**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZUXIAO CHEN,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-697<br><br>Agency No.<br>A216-268-797<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2025**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Zuxiao Chen petitions for review of a Board of Immigration Appeals

("BIA") decision affirming the denial of his application for asylum and

withholding of removal under sections 208(b)(1) and 241(b)(3) of the Immigration

and Nationality Act, 8 U.S.C §§ 1158(b)(l), 1231(b)(3). We have jurisdiction under

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We review the agency's factual findings for substantial evidence, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). We deny the petition for review.

Chen, a native and citizen of China, claims that he is eligible for relief because of his opposition to China's coercive population control policy and his Christian religion. But substantial evidence supports the agency's determination that Chen's testimony about his past experiences in China—namely, surrounding encounters with law enforcement and church attendance—was not credible. The Act names "inherent plausibility," "consistency between . . . written and oral statements," and "consistency of such statements with other evidence of record" as relevant factors upon which the fact finder may base an adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii). Here, the Immigration Judge ("IJ") pointed to contradictions between Chen's credible fear interview, his sworn testimony, and other documentary evidence. These contradictions included statements: (1) that Chen paid a 20,000 renminbi fine for his wife's second pregnancy in two installments, when the receipt indicates that he paid it in full on May 3, 2015; (2) that he remained in town with his wife following her forced

abortion, when he had told an asylum officer that he fled for seven months; and (3) that he was baptized at a house church, when his baptismal certificate indicates that he was baptized in a registered church and not a private residence. These inconsistencies amount to substantial evidence in support of the adverse credibility determination, and Chen did not submit corroborating evidence or any other testimony that compels a contrary conclusion. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("Under [the substantial evidence] standard, we must uphold the agency determination unless the evidence compels a contrary conclusion.").

Substantial evidence also supports the agency's denial of asylum and withholding of removal on the merits, because even assuming credibility, the record does not compel the conclusion that Chen has an "objectively 'reasonable possibility'" or "clear probability" of future persecution on religious or political grounds. *Id.* at 1029 (citation omitted); *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). The IJ and BIA noted that Chen would likely be able to continue attending church services similar to those he attended in China and now attends in Hawaii, given the apparent registration of his baptizing church. The agency's determinations also mention that China's Population and Family Planning Law would now permit Chen and his wife to have a second child. Finally, there is no documentary evidence either that authorities were looking for Chen when he

departed China or that they are looking for him now. Chen testified that his father told him over the phone that the police would arrest Chen for not reporting, but he submitted no affidavit from his father or anyone else indicating that possibility. The letter from his wife does not mention this sort of ongoing threat, nor does anything else in the record compel a decision contrary to the agency's determination that Chen did not show an objectively reasonable fear of persecution upon his return to China. *Duran-Rodriguez*, 918 F.3d at 1029 (9th Cir. 2019). Therefore, he is ineligible for asylum and withholding of removal. *Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020) ("An applicant who fails to satisfy the lower standard for asylum necessarily fails to satisfy the more demanding standard for withholding of removal.").

      **PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion to stay removal is otherwise denied.